PLOTKIN, Judge.
Plaintiff Zerlee Jones appeals a trial court judgment dismissing her worker’s compensation suit against defendants, Friends of City Park and Crum & Foster Insurance Co. We affirm.

Facts:

Zerlee Jones began working as a short order cook and sandwich maker at the Club House restaurant at the golf course in City Park on May 2, 1988. Ms. Jones testified that on June 13, while performing her job duties, a large frozen roast, weighing between 15 and 20 pounds, rolled out of a freezer onto her left foot. As a result of the incident, Ms. Jones’ great toe became swollen and tender. She worked the remainder of the day, but testified that she went to a hospital emergency room the next day for X-rays.
Following the injury, Ms. Jones was off work for about two and one-half months. She returned on a Saturday in September, and worked about four hours. She testified that she experienced pain and swelling on that day, so she called her boss and told him that she could not come in the next day. She then went to work the next Sunday, eight days after her first day back at work. She worked only two hours, then the manager of the restaurant told her to come in the next day so they could talk. When she reported to the manager on Monday, she was laid off.
Friends of City Park paid temporary total disability worker’s compensation to Ms. Jones from the date of the accident until September 5, 1988. Additionally, the defendants paid medical bills, transportation costs, and costs for medication. Thereafter, Ms. Jones filed suit seeking benefits for 520 weeks and attorney’s fees for the defendants’ alleged arbitrary and capricious actions. Following a trial on the merits, the trial court dismissed the plaintiff’s action. The plaintiff appeals on three issues:
1. Whether Zerlee Jones is entitled to further benefits.
2. Whether the employer discharged Ms. Jones due to her disability.
3. Whether Ms. Jones should receive supplemental earnings.

Entitlement to Further Benefits

Plaintiff claims that she was entitled to receive further temporary total disability benefits. An injured employee’s entitlement to temporary total disability benefits for an injury occurring while performing his employment duties is controlled by LSA-R.S. 23:1221(l)(a), which provides, in pertinent part, as follows:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(1) Temporary total.
(a) For any injury producing temporary total disability of an employee to engage in any self-employment or occupation for wages ... sixty-six and two-thirds percent of wages during the period of such disability.
In the instant case, the plaintiff claims that the evidence presented at trial was sufficient to establish that she suffered a temporary total disability beyond September of 1988 when the defendants discontinued compensation payments. The trial court dismissed her action, apparently finding that the plaintiff failed to carry her burden of proof on this issue. We agree.
*554 Plaintiff claims that she has a five percent permanent disability of her left great toe caused by post-traumatic arthritis in the joint. The only medical evidence presented at trial was the testimony of Dr. Joseph Rauchwerk, who first saw the plaintiff on August 8, 1988, almost two months after the accident. Dr. Rauchwerk testified that when he first saw Ms. Jones she had some local tenderness of the great toe on her left foot, but said that Ms. Jones could return to 100 percent normal use of the foot. He saw her again on September 1, when he returned her to work with no restrictions, then a third time on September 15, when he found that the fracture was healed although Ms. Jones did have some limited range of motion and there was a possibility of some “minimal post-traumatic arthritis of the joint.” However, Dr. Rauchwerk testified that the abnormality of Ms. Jones' great toe did not affect her ability to stand for long periods because the affected joint is not important to the normal activities of the average person, although it might be important to a gymnast. The plaintiff is not entitled to any benefits on the basis of this disability.
Thus, Dr. Rauchwerk’s testimony indicated that any disability suffered by the plaintiff had been healed by September 15 and the trial court’s finding that Ms. Jones proved no temporary total disability extending beyond that date is not manifestly erroneous.
Although the plaintiff does not brief the subject, her reference to the five percent permanent disability of her left great toe indicates that she believes that she is entitled to receive continuing benefits for a permanent partial disability. However, LSA-R.S. 23:1221(4)(q) provides that no benefits for permanent partial disability may be awarded unless the loss of physical function exceeds 25 percent. In the instant case, Dr. Rauchwerk testified that Ms. Jones might have a five percent anatomical loss, but indicated that she had suffered no functional loss. Thus, Ms. Jones is not entitled to recover benefits for her five percent permanent disability of her left great toe.

Retaliatory Discharge

The plaintiff claims that she was discharged from her position by the defendants on her third day back because of her disability. However, she fails to explain the significance of that allegation. Although LSA-R.S. 23:1361(B) prohibits the discharge of an injured employee “because of said employee having asserted a claim for benefits” under the worker’s compensation law, that same section also provides as follows: “Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.” Thus, in order to prove violation of LSA-R.S. 23:1361, the employee must prove that she was discharged for asserting a worker’s compensation claim. The trial court’s finding that Ms. Jones failed to prove retaliatory discharge is supported by the record.
Michael F. Ramirez, manager of the facility at City Park where Ms. Jones was employed at the time of her injury, testified that Ms. Jones was laid off during the regular staff reduction which occurred at the end of the busy season at the Club House restaurant on the golf course. Ramirez stated that the factors considered in determining which employees to lay off were longevity and “ability performance,” which involves speed and plate dressing. Ramirez stated that Ms. Jones was the first cook laid off because she had been employed for the shortest amount of time and because the other cooks performed the job requirements better and were employed before her. His testimony was sufficient to overcome the plaintiff’s allegation that she was discharged solely because of her injury. The trial court’s finding on this issue is not manifestly erroneous.

Supplemental Earnings Benefits

LSA-R.S. 23:1221(3)(a) provides, in pertinent part, as follows:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
[[Image here]]
(3) Supplemental earnings benefits.
*555 (a) For injury resulting in the employee’s inability to earn wages equal to ninety percent or more of wages at time of injury, supplemental earnings benefits equal to sixty-six percent of the difference between the average monthly wages at time of injury and average monthly wages earned or average monthly wages the employee is able to earn in any month thereafter in any employment or self-employment....
Plaintiff claims that she is entitled to one year of benefits under the above statute because she was physically unable to perform after she returned to work on the instructions of her physician, because she continued to experience pain and swelling, and because “she was given no further opportunity to ascertain her ability to perform any work at ninety percent of her pre-injury employment.” However, the medical testimony presented at trial, as discussed above, indicated that Ms. Jones had no disability subsequent to September 1. Therefore, as the trial court found, Ms. Jones failed to carry her burden of proving that she was unable to earn wages equal to 90 percent of the wages she earned while employed at City Park. Therefore, the trial court judgment was not manifestly erroneous on this issue.

Conclusion

For the above and foregoing reasons, the trial court judgment dismissing plaintiff Zerlee Jones’ worker’s compensation claim against the defendants, Friends of City Park and Crum & Forster Insurance Co., is affirmed. Each party will bear his own costs.
AFFIRMED.